tion that the law required the defendant railroad to have a bell ringing continuously or a whistle sounding continuously on the engine of a train for eighty rods immediately before reaching a public crossing, *held* to be erroneous, as the railroad company had the option of sounding the bell part of the time and the whistle part of the time or of sounding the bell or the whistle all of the time, but was not required to sound either all of the time.

2. DEATH, § 73*—*when instruction on erroneous.* In an action to recover damages for death due to a collision between an automobile in which decedent was riding and a railroad train, *held* that an instruction that the jury "should fix such damages at such amount as they may believe from the preponderance of the evidence will justly and fairly compensate the next ·of kin" was erroneous.

3. DEATH, § 67*—*when verdict for death of child excessive.* In an action to recover damages for the death of a four-year-old child for the benefit of the next of kin, where there was no evidence of whether the child was well and strong or sickly and weak, or whether it was bright or foolish, or whether its characteristics were such as would likely render it a burden or a benefit to the next of kin, a verdict of $5,000 damages *held* to be excessive.

---

## Fred Baber, Trustee, Appellee, v. Erastus Hurst et al., Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Edgar county; the Hon. JOHN H. MARSHALL, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917.

### Statement of the Case.

Bill by Fred Baber, trustee, complainant, against Erastus Hurst and others, defendants, to restrain the collection of a certain judgment and to vacate the same. From a decree in favor of the complainant, defendant Hurst appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

S. J. GEE and T. H. CUNNINGHAM, for appellant.

W. H. CLINTON and O'HAIR & RHOADS, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 852*—*when recital in certificate of evidence in suit in equity is improper.* Where a certificate of evidence signed by the trial judge contained a purported order for an appeal reciting that the certificate of evidence should be "presented" within ninety days, *held* that such recital was improper and inoperative, in a suit in chancery.

2. APPEAL AND ERROR, § 853*—*what is function of certificate of evidence in chancery suit.* The sole function of a certificate of evidence in a chancery suit is to truly set forth the evidence offered, rejected, received and considered on the hearing, and any attempt to make it subserve any other purpose is without warrant of law.

3. CLERKS OF COURTS, § 5*—*what clerk required to enter of record in chancery suit.* All written motions and the orders made thereon are matters to be entered of record by the clerk in a chancery suit.

4. APPEAL AND ERROR, § 958*—*when court of review bound by clerk's record.* A court of review is bound by the clerk's record of written motions and orders made thereon entered by him on such record.

5. APPEAL AND ERROR, § 862*—*when certificate of evidence stricken from record.* A certificate of evidence should, on motion, be stricken from the record where it is not filed within the time fixed in the order allowing appeal.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.